EL PUEBLO, DEMANDANTE Y APELADO, *v.* CUEVAS, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en causa por infracción a los artículos 112 y 113 del Código Penal.

No. 958.—Resuelto en julio 27, 1916.

FALSIFICACIÓN DE DOCUMENTOS JUDICIALES Y PÚBLICOS—ALTERACIÓN DE ARCHIVOS, MAPAS, LIBROS, DOCUMENTOS O AUTOS DE TRIBUNALES—FIANZA NO RADICADA.—El alterar un documento de fianza suscrito ante notario público para surtir efecto en una causa criminal, cuando dicho documento de fianza nunca ha sido radicado ni aceptado para su radicación por el secretario de la corte, no constituye una infracción de los artículos 112 y 113 del Código Penal, por no tratarse de un archivo, mapa o libro, ni documento o autos de algún tribunal.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Celestino Iriarte, Jr.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

El acusado y apelante presentó al secretario de la Corte Municipal de San Juan una fianza por cien dólares en una causa criminal. El secretario se negó a recibirla, porque la suma señalada por el juez era de doscientos dólares en vez de cien dólares. El apelante se marchó con la fianza, cambió la suma y la presentó otra vez al secretario, quien notando la alteración que se había hecho, ocupó la fianza y después de mostrársela al juez inició el proceso que trajo por consecuencia la culpabilidad del acusado y apelante. La fianza nunca fué radicada.

La parte sustancial de la acusación, los hechos probados en el juicio y la ley aplicable a los mismos como fueron considerados por el juez sentenciador han sido resumidos por él en sus instrucciones al jurado en la forma siguiente (bastardilla nuestra):

"El caso que se presenta ante la consideración de vosotros, constituye según la opinión del Fiscal, expresada en su acusación, una infracción a los artículos 112 y 113 del Código Penal, y alega el Fiscal que el acusado es responsable de ese delito porque el día 24 de marzo de este año, en San Juan, que forma parte del distrito judicial del mismo nombre, ilegal, voluntaria y maliciosamente alteró un documento de fianza suscrito a favor de Carmen Cruz por Don Pedro López y José Cid Solá, otorgado ante los notarios Pedro C. Timothée y Pedro Amado Rivera en un juicio celebrado en la Corte Municipal de San Juan y apelado para ante la Corte de Distrito de San Juan, cuya fianza fué dada por los fiadores por la suma de cien pesos y voluntaria y a sabiendas borró la palabra 'cien' sustituyéndola por la de 'doscientos,' y cuya fianza fué presentada a los efectos legales para ser unida al expediente o récord de la causa seguida contra la citada Carmen Cruz.

"Nuestra ley, en su artículo 112 del Código Penal, dice:

" 'Todo funcionario encargado de la custodia de *cualquier archivo, mapa o libro,* o de *cualquier documento o autos de alguna corte,* archivados o depositados en cualquier oficina pública o depositados en sus manos con cualquier objeto, que fuese culpable de sustraer, destruir voluntariamente, mutilar, desfigurar, alterar o falsificar,

remover u ocultar en todo o en parte dicho archivo, mapa, libro, documento o autos, o que permitiere que otra persona lo haga, incurrirá, etc.'

"Y después dice el artículo 113 que:

" 'Toda persona que no siendo funcionario público, tal como se considera en el anterior artículo, fuere culpable de cualquiera de los actos especificados en dicho artículo, incurrirá, etc.'

"De modo que *lo que la ley castiga es el hecho de alterar un documento público cualquiera, con la intención de que surta sus efectos en determinado procedimiento, en determinado récord, que haya de archivarse en una oficina.*

"Nuestro Código Civil dice que son *documentos públicos* todos aquellos que han sido autorizados por un notario o por un funcionario competente, con las formalidades requeridas por la ley.

"De modo que en este sentido, esa fianza que está presentada ante vosotros es *un documento público,* porque está suscrito ante notario, porque lleva la firma de un notario, que es un funcionario público, porque lleva el sello de ese notario, porque va adherido a él un sello de rentas internas, que se requiere que vaya en toda clase de *instrumentos públicos,* porque ese instrumento está incorporado a un libroregistro que se llama 'Registro de *Affidavits'* que llevan los notarios por mandato expreso de la Ley. De modo que por haberse llenado todos esos requisitos es que el documento que se presenta ante la consideración de los señores del jurado es *un documento público,* y los señores del jurado están en el deber de aceptarlo como tal.

"En ese documento se expresa que Don Pedro López había suscrito con el Sr. Cid Solá, ante los notarios Timothée y Amado Rivera una fianza por cierta cantidad de dinero, que se especificó en ese documento, pero después que ese documento original fué suscrito por cien pesos, y al serle presentado dicho documento al Sr. Falcón para el fin con que tal documento se iba a presentar, fué observado por el Sr. Falcón que la suma que se fijaba en el documento no fué la señalada por el juez al admitir tal apelación. Entonces el documento le fué devuelto al acusado, que era la persona encargada de hacer esta gestión, manifestándole el Sr. Falcón que el montante que aparecía en esa fianza no era el fijado por la corte. Entonces el acusado compareció en la oficina del Sr. Amado Rivera, y a uno de los empleados de aquella oficina le dijo que le borrara la palabra 'cien' y le pusiera 'doscientos'.

"Este documento fué llevado por el acusado a la corte municipal, en cuya corte municipal estaba también el Sr. Falcón, quien le pre-

guntó si había obtenido el mandamiento de libertad para la acusada, a lo que el acusado le manifestó que el documento estaba en la corte, y entonces el secretario observó que este documento estaba alterado, que se negó a admitirlo, llegó el hecho a conocimiento del juez, y entonces el juez ordenó que se formulara una denuncia contra el autor de aquella alteración.''

No es necesario al parecer presentar ningún razonamiento para demostrar que los hechos expresados en la acusación y probados en el juicio no constituyen el delito que ha sido imputado al acusado; que las instrucciones dadas al jurado eran fundamentalmente malas, y que la sentencia condenatoria no puede subsistir. Que el documento que fué alterado por el acusado, pero jamás radicado ni aceptado para su radicación, antes o después de dicha alteración, no es ni un ''archivo, mapa o libro,'' ni un ''documento o auto de alguna corte,'' es un hecho evidente por sí mismo. En la acusación no se alega que así sea, no existe la más leve prueba en ese sentido, y las instrucciones que fueron dadas al jurado demuestran claramente que no fué tal la teoría que se siguió en el juicio.

La sentencia apelada debe ser revocada.

> *Revocada la sentencia apelada y absuelto el acusado con las costas de oficio.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.